IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Action No. |
| v. ) | 05-00344-02-CR-W-ODS |
| ) | |
| STEVEN SANDSTROM, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the court is defendant's motion for severance of defendants on the grounds that (1) the defendants are not properly joined, (2) there is a <u>Bruton</u> issue, (3) there will be a prejudicial spillover of evidence, (4) evidence of prior crimes or behavior will likely be admitted against each defendant, (5) defendant may wish to call co-defendant Eye as a witness, and (6) defendants will likely point fingers at each other and present antagonistic defenses. Because I find that defendant is properly joined, and he has raised no issues mandating severance, his motion for severance will be denied.

*I.   BACKGROUND*

On September 29, 2005, an indictment was returned charging defendant with two counts of interference with federally protected activities, in violation of 18 U.S.C. § 245(b)(2)(B); one count of using or discharging a firearm

during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); two counts of using or discharging a firearm during a crime of violence causing murder, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (j)(1); one count of tampering with a witness, in violation of 18 U.S.C. §§ 1512(a)(1)(C) and (a)(3)(A); one count of obstruction of justice, in violation of 18 U.S.C. § 1519; one count of using fire to commit a felony, in violation of 18 U.S.C. § 844(h)(1); and one count of threatening to retaliate against a federal witness, in violation of 18 U.S.C. § 1513(b)(2). Co-defendant Gary Eye is charged with all of these offenses except the last, the retaliation count.

On March 14, 2006, defendant filed a motion to sever his trial from the trial of co-defendant Eye (document number 61) on the above-listed grounds. On April 14, 2006, the government filed a response in opposition to defendant's motion for severance (document number 101).

## II.  *MOTION FOR SEVERANCE*

The issues of joinder and severance are governed by Rules 8 and 14, Federal Rules of Criminal Procedure. Rule 8 establishes the requirements for joinder of offenses or defendants in the same indictment. Rule 14 allows the trial court to order severance, even though joinder of offenses or

2

defendants is proper under Rule 8, if it appears that the defendant or government is prejudiced by the joinder. The objective of both rules is to balance the prejudice inherent in joint trials against the interests in judicial economy.

*A.   JOINDER*

Joint trials play a vital role in the criminal justice system. Richardson v. Marsh, 481 U.S. 200, 209 (1987). They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Id., at 210.

Whether joinder of defendants is proper is a question of law which is reviewed de novo. United States v. Robaina, 39 F.3d 858, 861 (8th Cir. 1994). The specific joinder standards of Rule 8 are not themselves of Constitutional magnitude. United States v. Lane, 474 U.S. 438, 446 (1986). Improper joinder does not, in itself, violate the Constitution; rather, misjoinder would rise to the level of a Constitutional violation only if it results in prejudice so great as to deny a defendant his or her Fifth Amendment right to a fair trial. Id. at 446 n. 8.

Whether joinder is proper is generally to be determined from the face of the indictment. United States v. Willis, 940 F.3d 1136, 1138 (8th Cir. 1991), cert. denied, 507 U.S.

3

971 (1993); United States v. Andrade, 788 F.2d 521, 529 (8th Cir.), cert. denied, 479 U.S. 963 (1986).  Joinder of two or more defendants in a single indictment is proper under Rule 8(b) if the defendants are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.  United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002); United States v. Akers, 987 F.2d 507, 512 (8th Cir. 1993). Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses, but it is not necessary that each defendant have participated in each act or transaction of the series.  United States v. O'Connell, 841 F.2d 1408, 1431 (8th Cir. 1987).

In this case, defendants are both charged with all counts except one, and these counts are all part of the same series of acts or transactions -- all part of a series of acts resulting in and following the murder of William McCay. Therefore, I find that defendant and co-defendant Eye are properly joined.

### B.   *SEVERANCE*

Once the Rule 8 requirements are met by the allegations in the indictment, severance thereafter is controlled

4

entirely by Federal Rule of Criminal Procedure 14. United States v. Lane, 474 U.S. at 447. Rule 14 allows severance where joinder will result in unfair prejudice to a defendant.

The general rule is that persons charged in the same indictment should be tried together. Zafiro v. United States, 506 U.S. 534 (1993). Courts have long recognized that joint trials conserve government funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial. United States v. Lane, 474 U.S. at 449; Bruton v. United States, 391 U.S. 123, 134 (1968).

Severance under Rule 14 will not be granted absent a showing of unfair prejudice. United States v. Lane, 474 U.S. at 447. Severance is not required simply because a defendant might have a better chance of acquittal in a severed proceeding. United States v. Blaylock, 421 F.3d 758, 766 (8th Cir. 2005), cert. denied, 126 S. Ct. 1108 (2006). Furthermore, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. Zafiro v. United States, 506 U.S. at 539. Where defendants are properly joined under Rule 8(b),

5

severance should be granted only if there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. Accord United States v. Joiner, 418 F.3d 863, 868 (8th Cir. 2005). Even when the risk of prejudice is high, limiting instructions often will suffice to cure any risk of prejudice. Zafiro v. United States, 506 U.S. at 539; Richardson v. Marsh, 481 U.S. at 211.

### 1. *BRUTON*

Defendant argues that he is entitled to a severance because discovery "appears to indicate" that co-defendant Eye made incriminating statements, and "presumably" the government will seek to admit those admissions which "might also be perceived by jurors" to implicate defendant.

The Sixth Amendment issues raised in Bruton v. United States, 391 U.S. 123 (1968), concern post-conspiracy statements. Bruton is not violated where the hearsay statement is otherwise admissible under Federal Rule of Evidence 801(d)(2)(E) concerning co-conspirators' statements. United States v. Coco, 926 F.2d 759, 761 (8th Cir. 1991); United States v. Bentley, 706 F.2d 1498, 1507 (8th Cir.), cert. denied, 464 U.S. 830 (1983). Defendant

6

does not point to any specific statements, and the government, in its response, states that it intends to admit statements of co-defendant Eye as co-conspirator statements. Therefore, <u>Bruton</u> does not apply here.

## 2. *PREJUDICIAL SPILLOVER*

Next, defendant contends that because the indictment alleges that co-defendant Eye (the shooter) was motivated by racial animus, evidence of that racial animus would spill over and prejudice the defendant, who was not the alleged shooter.

The government states in its response that racial animosity is an element of the crimes charged in counts one and three, counts in which defendant is named.

Disparity in the evidence against each of the defendants or allegations that evidence incriminating a co-defendant will have a spillover prejudicial effect against the moving defendant are, alone, insufficient grounds for severance. <u>United States v. O'Meara</u>, 895 F.2d 1216, 1919 (8th Cir.), <u>cert</u>. <u>denied</u>, 498 U.S. 943 (1990). Thus, preference for joint trial of jointly indicted defendants is not limited by any requirement that the quantum of evidence of each defendant's culpability be quantitatively or qualitatively equivalent. <u>United States v. Swinney</u>, 970

7

F.2d 494 (8th Cir.), cert. denied, 506 U.S. 1011 (1992); United States v. Pecina, 956 F.2d 186 (8th Cir. 1992); United States v. Pou, 953 F.2d 363, 368-69 (8th Cir), cert. denied, 504 U.S. 926 (1992); United States v. Stephenson, 924 F.2d 753, 761 (8th Cir.), cert. denied, 502 U.S. 813 (1991).

Because the government is required to prove racial animosity on the part of both defendants, and the government alleges that both defendants had a substantially equal role in the preparation for and the murder of William McCay, defendant's motion for severance on this basis will be denied.

### 3. *EVIDENCE OF PRIOR CRIMES*

Defendant argues that he is entitled to a severance because evidence of prior crimes or behavior will likely be admitted against each defendant, and evidence against one of the defendants would spill over to prejudice the other defendant.

Although a joint trial may make it more difficult for a defendant to defend himself, difficulty alone is not a reason to reject joinder. A showing of clear prejudice must be made. United States v. Agofsky, 20 F.3d 866, 871 (8th Cir.), cert. denied, 513 U.S. 909 (1994). Whether or not

8

prejudice occurs depends primarily on whether the jury could compartmentalize the evidence against each defendant. Id. This is a question directed to the discretion of the trial judge and can normally be resolved through applicable jury instructions. United States v. Nevils, 897 F.2d 300, 305 (8th Cir.), cert. denied, 498 U.S. 844 (1990).

Eighth Circuit Model Criminal Jury Instruction 3.08 instructs the jury to give separate consideration to the evidence about each individual defendant. "Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant. Also keep in mind that you must consider, separately, each crime charged against each individual defendant, and must return a separate verdict for each of those crimes charged."

Additionally, Eighth Circuit Model Criminal Jury Instruction 2.14 instructs the jury to consider evidence only in the case against a particular defendant. This instruction may be read to the jury immediately before or after the introduction of evidence which is admissible only against a particular defendant.

Defendant offers no support for his argument that the jury will not be able to compartmentalize the evidence other than the general statement that evidence of each defendant's

9

prior crimes or behavior will spill over to prejudice the other defendant. This is not persuasive. Considering the cautionary instructions available and the counts as charged in the indictment, I do not believe the evidence will be so complex or muddled as to prevent the jury from separately considering the evidence against defendant Sandstrom.

### *4. CALLING CO-DEFENDANT EYE AS A WITNESS*

Defendant argues that he "would likely wish to call Gary Eye as a witness".

Before a claim of needing the testimony of a co-defendant will mandate severance, it must first be shown that the co-defendant in question is actually willing to testify at a severed trial, and that the co-defendant's testimony will actually be substantially exculpatory. United States v. Vue, 13 F.3d 1206, 1210 (8th Cir. 1994). The Eighth Circuit has traditionally required a detailed showing of the particulars of the proffered testimony before requiring severance. United States v. Jackson, 549 F.2d 517, 524-25 (8th Cir.), cert. denied, 430 U.S. 985 (1977).

Defendant states in his motion that "defendant would likely wish to call Gary Eye as a witness". It is clear from defendant's motion that the requirements for severance on this basis have not been met -- that the co-defendant is

10

actually willing to testify and that the testimony will be substantially exculpatory.  Defendant has offered no assurance that co-defendant Eye is willing to testify at a separate trial or that Eye has any information that is substantially exculpatory as to defendant Sandstrom.  Without Eye's willing testimony, defendant cannot force Eye to testify in a severed trial.  Eye would be free to invoke his Fifth Amendment rights.  Therefore, granting defendant's motion for severance would not result in his being able to obtain any testimony from co-defendant Gary Eye.

### *5. ANTAGONISTIC DEFENSES*

Defendant claims that he is entitled to a severance because it is very likely that defendants would defend themselves by "pointing the finger of blame at each other."

Mutually antagonistic defenses are not prejudicial per se.  <u>Zafiro v. United States</u>, 506 U.S. 534, 538-39 (1993).  Where a defendant asserts that his defense would conflict with a co-defendant's defense, the defendant must show more than that his strategy was generally antagonistic to that of the other co-defendant.  <u>United States v. Oakie</u>, 12 F.3d 1436, 1441 (8th Cir. 1993).  The fact that there is hostility among the defendants is not sufficient to require separate trials.  <u>United States v. Searing</u>, 984 F.2d 960,

11

965 (8th Cir. 1993); United States v. Swinney, 970 F.2d 494, 500 (8th Cir.), cert. denied, 506 U.S. 1011 (1992). Defendant is required to make a showing that the conflict between the defenses is so prejudicial that the differences are irreconcilable. United States v. Abfalter, 340 F.3d 646, 651 (8th Cir. 2003), cert. denied, 540 U.S. 1134 (2004). To determine whether defenses are irreconcilable, the test is "whether the defenses so conflict that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." United States v. Flores, 362 F.3d 1030, 1040 (8th Cir. 2004); United States v. Abfalter, 340 F.3d at 651. A defendant is not entitled to severance unless he can show a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocense." United States v. Flores, 362 F.3d at 1040. Hostility and fingerpointing during the trial alone are not sufficient to justify granting a severance. United States v. Searing, 984 F.2d 960, 965 (8th Cir. 1993).

While mutually antagonistic defenses have been much discussed in theory, only rarely have courts found that they exist in practice. Zafiro v. United States, 506 U.S. at

12

538; United States v. Voigt, 89 F.3d 1050, 1094-1095 (3rd Cir. 1996). The only example I have been able to find appears in DeLuna v. United States, 308 F.2d 140 (5th Cir. 1962). In that case, two men were arrested for possessing a package of drugs. One defendant claimed that he was merely riding in the car and when police approached, the other defendant threw a package to him and told him to throw it out the window, which he did. The other defendant claimed that he never had possession of the package or knowledge that it was present.

The defense theories in DeLuna were not what caused the court to find that the defenses were unconstitutionally antagonistic. In that case, one defendant testified and the other did not. The attorney for the defendant who testified stated many times during closing arguments that his client had nothing to hide, and that if the co-defendant were an honest man, he would have testified. The court held that the defenses, as presented, violated the co-defendant's Constitutional right to remain silent.

It is well settled that attempting to place blame on the co-defendant does not justify a severance. United States v. Williams, 429 F.3d 767, 775 (8th Cir. 2005); United States v. Flores, 362 F.3d 1030, 1039-1040 (8th Cir.

13

2004). It is common for co-defendants to attempt to save their own skin by diverting the jury's attention to the other defendant. United States v. Basile, 109 F.3d 1304, 1310 (8th Cir. 1997).

In United States v. Basile, 109 F.3d 1304 (8th Cir. 1997), Daniel Basile and Richard DeCaro were charged with a murder-for-hire scheme. The government's theory was that DeCaro hired Basile to steal DeCaro's van for insurance purposes, and then later hired him to kill DeCaro's wife and steal their Blazer, making the killing look like part of a robbery. At trial, DeCaro presented evidence that Basile and an individual related to Basile and who had access to the keys to the stolen vehicles conspired to commit the crimes. Basile's defense was that DeCaro hired him to steal the vehicles, but he did not kill DeCaro's wife. Basile argued that someone else killed DeCaro's wife and that he was the fall guy. The court of appeals held that these defenses were not sufficiently antagonistic to require a severance, even though Basile admitted, through his attorney, that he stole the DeCaro vehicles at the request of co-defendant Richard DeCaro (who was also charged with insurance fraud and arson stemming from the theft and burning of the van).

14

In this case, defendant has offered no analysis on how he expects his and Eye's defenses to be unconstitutionally antagonistic other than a general assertion that he expects they will point fingers at each other. Because the anticipated defenses of general fingerpointing are not unconstitutionally antagonistic, defendant's motion to sever on this basis will be denied.

### III. CONCLUSION

Because defendant is properly joined with co-defendant Eye, and because he has raised no issues which require a severance, it is

ORDERED that defendant's motion for severance of defendants is denied.

Counsel are reminded that objections to this order on the ground that it is clearly erroneous or contrary to law must be filed and served within ten days.

                                        */s/ Robert E. Larsen*
                                      ROBERT E. LARSEN
                                      United States Magistrate Judge

Kansas City, Missouri
April 24, 2006