IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 05-00344-02-CR-W-ODS |
| STEVEN SANDSTROM, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION TO SEVER COUNTS**

Before the court is defendant's motion to sever counts one through six from counts seven and eight, and also from count nine on the ground that they are improperly joined. I find that the offenses charged in counts seven through nine of the indictment are not, on the face of the indictment, alleged to be part of the same series of acts or transactions; therefore, defendant's motion will be granted.

*I. BACKGROUND*

On September 29, 2005, an indictment was returned charging defendant with two counts of interference with federally protected activities, in violation of 18 U.S.C. § 245(b)(2)(B); one count of using or discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); two counts of using or discharging a firearm during a crime of violence causing murder, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (j)(1); one count of tampering with a witness, in violation of 18 U.S.C. §§ 1512(a)(1)(C) and (a)(3)(A); one count of obstruction of

justice, in violation of 18 U.S.C. § 1519; one count of using fire to commit a felony, in violation of 18 U.S.C. § 844(h)(1); and one count of threatening to retaliate against a federal witness, in violation of 18 U.S.C. § 1513(b)(2). Co-defendant Gary Eye is charged with all of these offenses except the last, the retaliation count.

On March 14, 2006, defendant Sandstrom filed a motion to sever counts on the grounds that the three sets of counts are improperly joined since they are not part of the same series of acts or transactions, and that even if properly joined, they should be severed because he will suffer prejudice due to the absence of a racial motive in the latter counts (document number 62).

On April 14, 2006, the government filed a response in opposition to the motion, arguing that all of the counts are based on the same acts or transactions constituting parts of a common scheme or plan (document number 102). The government argues that all counts except nine occurred on the same day, and even in a separate trial, the government would offer evidence of count nine to show consciousness of guilt.

## II. JOINDER

Rule 8, Federal Rules of Criminal Procedure, establishes the requirements for joinder of offenses or defendants in the same indictment. The objective of Rule 8

2

is to balance the prejudice inherent in joint trials against the interests in judicial economy. Whether counts are properly joined under Rule 8 is a question of law. United States v. Rodgers, 732 F.2d 625, 628 (8th Cir. 1984). The propriety of joinder must appear on the face of the indictment. United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998), cert. denied, 526 U.S. 1050 (1999); United States v. Bledsoe, 674 F.2d 647, 655 (8th Cir.), cert. denied, 459 U.S. 1040 (1982). See also United States v. Grey Bear, 863 F.2d 572, 573-578 (8th Cir. 1988) (en banc) (statement of Lay, J.), cert. denied, 493 U.S. 1047 (1990).

Unless all defendants are charged in all counts of the indictment, joinder of offenses in multiple-defendant cases is judged by Rule 8(b)[1] rather than 8(a). United States v. Southwest Bus Sales, 20 F.3d 1449, 1454 (8th Cir. 1994). This is significant because the language of Rule 8(a) does not allow joinder on the same basis as 8(b); the words "same or similar character" are omitted from 8(b). The rationale for applying 8(b) rather than 8(a) in multiple defendant cases is stated in United States v. Jones, 880 F.2d 55, 61

---

[1] Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

3

(8th Cir. 1989):

> When similar but unrelated offenses are jointly charged to a single defendant, some prejudice almost necessarily results, and the same is true when several defendants are jointly charged with a single offense or related offenses. Rule 8(a) permits the first sort of prejudice and Rule 8(b) the second. But the Rules do not permit cumulation of prejudice by charging several defendants with similar but unrelated offenses.

(citing Cupo v. United States, 359 F.2d 990 (D.C. Cir. 1966), cert. denied, 385 U.S. 1013 (1967)). Therefore, there are definite limits to what the government can put together in a single indictment. United States v. Nicely, 922 F.2d 850, 853 (D.C. Cir. 1991).

For joinder of defendants under Rule 8(b) to be proper, there must be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense. United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002); United States v. Sazenski, 833 F.2d 741, 745 (8th Cir. 1987), cert. denied, 485 U.S. 906 (1988). Furthermore, to be part of the "same series of acts," the offenses charged must be part of one overall scheme about which all joined defendants knew and in which they all participated." Id.; United States v. Bledsoe, 674 F.2d 647, 656 (8th Cir.), cert. denied, 459 U.S. 1040 (1982). Rule 8(b)'s language "may not be read to embrace similar or even identical offenses, unless those offenses

4

are related. . . . [T]here must be a logical relationship between the acts or transactions within the series." United States v. Nicely, 922 F.2d at 853 (quoting United States v. Perry, 731 F.2d 985, 990 (D. C. Cir. 1984)).

The government argues that counts one through six involve activity resulting in the assault and murder of William McCay, counts seven and eight involve the burning of the vehicle occupied by the defendants during the murder, and count nine involves threatening a person for providing information about "a federal offense", i.e., the murder, and the threat occurred four and a half months after the murder. The defendant acknowledges that the government's discovery appears to support its argument of a series of acts or transactions; however, the indictment itself does not.

In the Eighth Circuit, the current rule of law is that whether joinder is proper must be determined from the face of the indictment. United States v. Wadena, 152 F.3d 831, 848 (8th Cir.), cert. denied, 526 U.S. 1050 (1998). That issue was the subject of a split decision in United States v. Grey Bear, 863 F.2d 572 (8th Cir. 1998) (en banc) (5-5 decision), where five judges believed that the face of the indictment is where the analysis stops and five judges believed that under certain circumstances, the courts should be able to look beyond the face of the indictment. To date, the Eighth Circuit Court of Appeals has not amended the

5

requirement that proper joinder be evident from the face of the indictment, although several other circuits allow the courts to look beyond the face of the indictment. See United States v. Tubol, 191 F.3d 88, 95 (2nd Cir. 1999) (joinder is proper when same evidence will support both of joined counts); United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005) (court looks to evidence presented at severance hearing, or allegations in indictment and evidence presented at trial), cert. denied, 126 S. Ct. 1669 (2006); United States v. Morales, 108 F.3d 1213, 1219 (10th Cir. 1997) (courts may look to evidence to determine proper joinder); United States v. Gbemisola, 225 F.3d 753, 760 (D.C. Cir.) (courts may look to evidence to determine proper joinder), cert. denied, 531 U.S. 1026 (2000). Cf. United States v. Fenton, 367 F.3d 14, 21 (1st Cir. 2004) (face of indictment); United States v. McGill, 964 F.2d 222, 241 (3rd Cir.) (face of indictment), cert. denied, 506 U.S. 1023 (1992); United States v. Butler, 429 F.3d 140, 146 (5th Cir. 2005) (face of the indictment), petition for cert. filed, (April 11, 2006, No. 05-1308); United States v. Chavis, 296 F.3d 450, 456–457 (6th Cir. 2002) (face of the indictment); United States v. Lanas, 324 F.3d 894, 899 (7th Cir.) (face of the indictment), cert. denied, 540 U.S. 882 (2003); United States v. Rousseau, 257 F.3d 925, 931 (9th Cir. 2001) (face of the indictment), cert. denied, 534 U.S. 1013

(2001); United States v. Dominquez, 226 F.3d 1235, 1238 (11th Cir. 2000) (face of the indictment), cert. denied, 532 U.S. 1039 (2001).

In this case, counts seven, eight, and nine of the indictment are not alleged in the indictment to be part of the same series of acts or transactions as counts one through six. The last three counts of the indictment read as follows:

> COUNT SEVEN:
> On or about March 9, 2005, in Kansas City, Jackson County, in the Western District of Missouri, defendants, GARY EYE and STEVEN SANDSTROM, while aiding and abetting one another, knowingly altered, destroyed, and mutilated a tangible object, namely a 2003 Dodge, with the intent to impede, obstruct, and influence the possible investigation of a matter and matters within the jurisdiction of a department or agency of the United States. All in violation of Title 18, United States Code, Section 1519, and Section 2.
>
> COUNT EIGHT:
> On or about March 9, 2005, in Kansas City, Jackson County, in the Western District of Missouri, defendants, GARY EYE and STEVEN SANDSTROM, while aiding and abetting one another, knowingly used fire to commit a felony prosecutable in a court of the United States, namely the offense charged in Count Seven of this Indictment and incorporated herein by reference. All in violation of Title 18, United States Code, Section 844(h)(1), and Section 2.
>
> COUNT NINE:
> On or about July 31, 2005, in Kansas City, Jackson County, in the Western District of Missouri, defendant STEVEN SANDSTROM did knowingly engage in conduct and thereby threatened to cause bodily injury to another person with the intent to retaliate against that person for information relating to the commission or possible commission of a federal offense given by that person to a law enforcement officer. All in violation of Title 18, United States Code, Section 1513(b)(2).

Although it could have, the indictment does not allege in counts seven and eight that the investigation of matters within the jurisdiction of the United States were actually the matters charged in counts one through six. The government states that its evidence will prove such, but because proper joinder must be evident from the face of the indictment, I am limited to the words reprinted above. Those words do not incorporate or refer to counts one through six, and no where in counts one through six does the indictment refer to a 2003 Dodge, and therefore I am unable to determine from the face of the indictment that counts six and seven are related to counts one through six.

The same is true for count nine. A variety of courts have sanctioned joinder of underlying substantive charges with additional charges arising out of post-charge or post-investigation conduct calculated to hinder prosecution or escape liability on the original charges. See <u>United States v. Carnes</u>, 309 F.3d 950, 957-958 (6th Cir. 2002) (holding joinder of witness tampering count with underlying felon-in-possession charge was proper); <u>United States v. Balzano</u>, 916 F.2d 1273, 1280 (7th Cir. 1990) (holding joinder of witness intimidation count with conspiracy and extortion counts was proper because intimidation amounted to attempt to cover up or escape liability for underlying offenses and, thus, "was clearly part and parcel of the same

8

criminal scheme"); <u>United States v. Chagra</u>, 754 F.2d 1186, 1188 (5th Cir. 1985) (holding counts alleging obstruction of justice and possession with intent to distribute marijuana were properly joined with conspiracy and murder counts where former acts were committed for purpose of avoiding punishment for latter); <u>United States v. Davis</u>, 752 F.2d 963, 972 (5th Cir. 1985) (joinder of obstruction of justice count with underlying mail fraud and false statements counts proper where evidence of fraud tended to establish motive for obstruction of justice and, similarly, evidence of obstruction, i.e., failure to produce subpoenaed documents and alleged interference with witness, tends to establish defendant's guilty consciousness of underlying substantive offenses); <u>see</u> <u>also</u> <u>United States v. Kaler</u>, 2001 WL 303349, at *2 (6th Cir. March 20, 2001) (unpublished opinion) (holding escape or failure to appear charge and underlying offense are "connected together" and properly joined under Rule 8(a) if charges are related in time, motive for flight was avoidance of prosecution of the underlying offense, and custody derived directly from the underlying offense).

Although the government is certainly able to join the witness retaliation count with the other counts if it so chooses, the indictment must somehow refer to the other counts so that the court is able to make a determination

from the face of the indictment that the counts are part of the same series of acts or transactions.

### III. CONCLUSION

Because it is impossible to tell from the face of the indictment that all of the offenses charged are part of the same series of acts or transactions, I find that counts one through six are improperly joined with counts seven and eight, and those counts are improperly joined with count nine.  Therefore, it is

ORDERED that defendant's motion to sever counts one through six from counts seven and eight and from count nine is granted.

Counsel are reminded that objections to this order on the ground that it is clearly erroneous or contrary to law must be filed and served within ten days.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
April 27, 2006