IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 05-00344-02-CR-W-ODS |
| STEVEN SANDSTROM, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO DISMISS THE INDICTMENT
AND ORDER DENYING ALTERNATIVE MOTION FOR
BILL OF PARTICULARS**

Before the court is defendant's motion to dismiss the indictment apparently on the ground that the indictment is unconstitutionally vague. I find that counts one through nine contain sufficient information to apprise defendant of the nature of the charges and to enable him to plead an acquittal or conviction in bar of future prosecutions. Therefore, defendant's motion to dismiss should be denied. Defendant alternatively moves for a bill of particulars. For the reasons outlined below, that alternative motion will be denied.

*I. BACKGROUND*

On September 29, 2005, an indictment was returned charging defendant with two counts of interference with federally protected activities, in violation of 18 U.S.C. §

245(b)(2)(B); one count of using or discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); two counts of using or discharging a firearm during a crime of violence causing murder, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (j)(1); one count of tampering with a witness, in violation of 18 U.S.C. §§ 1512(a)(1)(C) and (a)(3)(A); one count of obstruction of justice, in violation of 18 U.S.C. § 1519; one count of using fire to commit a felony, in violation of 18 U.S.C. § 844(h)(1); and one count of threatening to retaliate against a federal witness, in violation of 18 U.S.C. § 1513(b)(2). Defendant filed the instant motion to dismiss the indictment on March 14, 2006 (document number 59).

On April 14, 2006, the government filed a response to defendant's motion (document number 99). The government argues that the indictment is sufficient in that each count contains all of the essential elements, the specific date of the offense, the city where the offense occurred, and additional details. The government also points out that it has provided over 1,500 pages of discovery to date including police reports, laboratory reports, some witness statements, and recorded telephone conversations. The government has agreed to provide all additional witness statements 30 days

2

before trial, and at that point defendant will have all of the relevant discovery.

## *II. SUFFICIENCY OF THE INDICTMENT*

It is well established that an indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and (2) enables him to plead an acquittal or conviction in bar of future prosecutions.  Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. McMahan, 744 F.2d 647, 650 (8th Cir. 1984).  The sufficiency of the indictment is to be judged by practical, and not by technical, considerations.  Hayes v. United States, 296 F.2d 657, 667 (8th Cir. 1961), cert. denied, 369 U.S. 867 (1962). An indictment ordinarily is held sufficient unless it is so defective that by no reasonable construction can it be said to charge the offense for which the defendant was convicted. United States v. Young, 618 F.2d 1281, 1286 (8th Cir.), cert. denied, 449 U.S. 844 (1980); United States v. Ivers, 512 F.2d 121, 123 (8th Cir. 1975).

It is generally sufficient that the indictment sets forth the offense in the words of the statute itself, so long as those words fully, directly, and expressly, without uncertainty or ambiguity, set forth all the elements

3

necessary to constitute the offense intended to be punished. Hamling v. United States, 418 U.S. at 117; United States v. McKnight, 799 F.2d 443, 445 (8th Cir. 1986); United States v. Opsta, 659 F.2d 848, 850 (8th Cir. 1981). However, the indictment does not have to follow the exact wording of the statute. United States v. Ivers, 512 F.2d at 123.

Title 18, United States Code, Section 245(b)(2)(B) (charged in counts one and three), reads as follows:

> (b) Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with--
> > (2) any person because of his race, color, religion or national origin and because he is or has been--
> > > (B) participating in or enjoying any benefit, service, privilege, program, facility or activity provided or administered by any State or subdivision thereof;
> shall be fined under this title, or imprisoned not more than one year, or both; . . . and if death results from the acts committed in violation of this section, . . . shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death. . . .

Count one of the indictment reads as follows:

> On or about March 9, 2005, in Kansas City, Jackson County, in the Western District of Missouri, defendants, GARY EYE and STEVEN SANDSTROM, wile aiding and abetting one another, did willfully, by force and threat of force, attempt to injure, intimidate and interfere with William McCay, an African-American man, by shooting at him with a firearm, because of William McCay's race and color, and because he was and had been enjoying a facility provided and administered by a

4

> subdivision of the State of Missouri, namely, the
> public streets provided and administered by the City of
> Kansas City, in and around 9th Street and Spruce
> Avenue. The commission of this offense included the
> use of a dangerous weapon.
>         All in violation of Title 18, United States Code,
> Section 245(b)(2)(B) and Section 2.

Count three charges a violation of the same statute, but count three charges that defendants "injured, intimidated and interfered" with McCay rather than attempting to do so as charged in count one, and count three alleges that defendants shot McCay, whereas count one alleges they "shot at" McCay. In addition, this shooting, according to the indictment occurred at 9th Street and Brighton, whereas defendants allegedly "shot at" McCay at 9th Street and Spruce. Finally, count three alleges that the use of a dangerous weapon resulted in the death of William McCay.

Counts one and three clearly track the language of 18 U.S.C. § 245(b)(2)(B), and that statute fully sets forth all the elements necessary to constitute the offense intended to be punished. In addition, counts one and three provide the name of the victim and the specific addresses of the offenses.

Title 18, United States Code, Section 924(c)(1)(A)(iii) and (j)(1) (charged in counts two, four, and six) read as

5

follows:

> (c)(1)(A) Except to the extent that a greater minimum
> sentence is otherwise provided by this subsection or by
> any other provision of law, any person who, during and
> in relation to any crime of violence or drug
> trafficking crime (including a crime of violence or
> drug trafficking crime that provides for an enhanced
> punishment if committed by the use of a deadly or
> dangerous weapon or device) for which the person may be
> prosecuted in a court of the United States, uses or
> carries a firearm, or who, in furtherance of any such
> crime, possesses a firearm, shall, in addition to the
> punishment provided for such crime of violence or drug
> trafficking crime--
>> (iii) if the firearm is discharged, be sentenced
>> to a term of imprisonment of not less than 10
>> years.
>
> (j) A person who, in the course of a violation of
> subsection (c), causes the death of a person through
> the use of a firearm, shall--
>> (1) if the killing is a murder (as defined in
>> section 1111), be punished by death or by
>> imprisonment for any term of years or for life.

Count two of the indictment reads as follows:

> On or about March 9, 2005, in Kansas City, Jackson
> County, in the Western District of Missouri,
> defendants, GARY EYE and STEVEN SANDSTROM, while aiding
> and abetting one another, knowingly used, carried, and
> discharged; and caused to be used, carried, and
> discharged, a firearm, namely a .22 caliber revolver,
> during and in relation to a crime of violence for which
> they may be prosecuted in a court of the United States,
> that is, the offense charged in Count One of the
> Indictment and incorporated herein by reference.
> All in violation of Title 18, United States Code,
> Section 924(c)(1)(A)(iii) and Section 2.

Counts four and six of the indictment are identical to count two except count four incorporates count three instead

6

of count one and count six incorporates count five, and they add the following language: "In committing this offense, defendants, GARY EYE and STEVEN SANDSTROM, caused the death of William McCay through the use and discharge of said firearm. The death of William McCay involved circumstances constituting murder as defined in Title 18, United States Code, Section 1111, in that defendants GARY EYE and STEVEN SANDSTROM unlawfully killed William McCay willfully, deliberately, and with premeditation and malice aforethought." Counts four and six are in violation of both 18 U.S.C. § 924(c)(1)(A)(iii) and (j)(1).

Counts two, four, and six clearly track the language of 18 U.S.C. § 924(c)(1)(A)(iii) (and (j)(1) in the case of counts four and six), and that statute fully sets forth all the elements necessary to constitute the offense intended to be punished. See Eighth Circuit Model Criminal Jury Instruction 6.18.924C. Further, the indictment provides the type of gun involved, the name of the victim (through incorporation of counts one, three, and five), and the address of the offenses.

Title 18, United States Code, Section 1512(a)(1)(C) and (a)(3)(A) (charged in count five) read as follows:

7

> (a)(1) Whoever kills or attempts to kill another
> person, with intent to--
> > (C) prevent the communication by any person to a
> > law enforcement officer or judge of the United
> > States of information relating to the commission
> > or possible commission of a Federal offense or a
> > violation of conditions of probation, parole, or
> > release pending judicial proceedings;
> shall be punished as provided in paragraph (3).
> (3) The punishment for an offense under this subsection
> is--
> > (A) in the case of murder (as defined in section
> > 1111), the death penalty or imprisonment for life.
> > . . .

Count five of the indictment reads as follows:

> On or about March 9, 2005, in the Western District
> of Missouri, the defendants, GARY EYE and STEVEN
> SANDSTROM, while aiding and abetting one another, did
> knowingly kill William McCay with the intent to prevent
> William McCay from communicating to a law enforcement
> officer of the United States information related to the
> commission or possible commission of a federal offense,
> that is, the interference with his free exercise and
> enjoyment of a right secured to him by the laws and the
> Constitution of the United States, namely, his right to
> the use and enjoyment of a public facility, the public
> streets provided and administered by the City of Kansas
> City, Missouri, free from intimidation based upon race
> and color. The death of William McCay involved
> circumstances constituting murder as defined in Title
> 18, United States Code, Section 1111, in that
> defendants GARY EYE and STEVEN SANDSTROM unlawfully
> killed William McCay willfully, deliberately, and with
> premeditation and malice aforethought.
> All in violation of Title 18, United States Code,
> Section 1512(a)(1)(C), (a)(3)(A), and Section 2.

Count five clearly tracks the language of 18 U.S.C. §

1512(a)(1)(C) and (a)(3)(A), and that statute fully sets

forth all the elements necessary to constitute the offense

intended to be punished. See <u>United States v. Stansfield</u>, 101 F.3d 909, 918 (3rd Cir. 1996).

Title 18, United States Code, Section 1519 (charged in count seven) reads as follows:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

Count seven of the indictment reads as follows:

> On or about March 9, 2005, in Kansas City, Jackson County, in the Western District of Missouri, defendants, GARY EYE and STEVEN SANDSTROM, while aiding and abetting one another, knowingly altered, destroyed, and mutilated a tangible object, namely a 2003 Dodge, with the intent to impede, obstruct, and influence the possible investigation of a matter and matters within the jurisdiction of a department or agency of the United States.
> All in violation of Title 18, United States Code, Section 1519, and Section 2.

Count seven clearly tracks the language of 18 U.S.C. § 1519, and that statute fully sets forth all the elements necessary to constitute the offense intended to be punished. In addition, the indictment identifies the object which was allegedly destroyed (a 2003 Dodge), through count eight states that the car was destroyed by fire, and indicates the

9

item was allegedly destroyed to impede a federal investigation rather than a Title 11 matter.

Title 18, United States Code, Section 844(h)(1) (charged in count eight) reads as follows:

> (h)(1) Whoever uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States, including a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for 10 years. In the case of a second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for 20 years. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the felony in which the explosive was used or carried.

Count eight of the indictment reads as follows:

> On or about March 9, 2005, in Kansas City, Jackson County, in the Western District of Missouri, defendants, GARY EYE and STEVEN SANDSTROM, while aiding and abetting one another, knowingly used fire to commit a felony prosecutable in a court of the United States, namely the offense charged in Count Seven of this Indictment and incorporated herein by reference.
> All in violation of Title 18, United States Code, Section 844(h)(1), and Section 2.

Count eight clearly tracks the language of 18 U.S.C. § 844(h)(1), and that statute fully sets forth all the elements necessary to constitute the offense intended to be punished. In addition, by incorporating count seven, the

10

indictment informs defendant that he is charged with using fire to commit obstruction of justice by destroying a 2003 Dodge.

Title 18, United States Code, Section 1513(b)(2) (charged in count nine) reads as follows:

> (b) Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for--
> > (2) any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings given by a person to a law enforcement officer;
>
> or attempts to do so, shall be fined under this title or imprisoned not more than ten years, or both.

Count nine of the indictment reads as follows:

> On or about July 31, 2005, in Kansas City, Jackson County, in the Western District of Missouri, defendant STEVEN SANDSTROM did knowingly engage in conduct and thereby threatened to cause bodily injury to another person with the intent to retaliate against that person for information relating to the commission or possible commission of a federal offense given by that person to a law enforcement officer.
> All in violation of Title 18, United States Code, Section 1513(b)(2).

Count nine clearly tracks the language of 18 U.S.C. § 1513(b)(2), and that statute fully sets forth all the elements necessary to constitute the offense intended to be punished. See Eighth Circuit Model Criminal Jury

11

Instruction 6.18.1513.

Because all of the counts of the indictment contain the elements of the offenses charged and enable him to plea an acquittal or conviction in bar of future prosecutions, the indictment is sufficient.

### III. BILL OF PARTICULARS

Defendant alternatively moves for a bill of particulars.

A bill of particulars has three functions: (1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, (2) to minimize the danger of surprise at trial, and (3) to enable him to plead his acquittal or conviction in bar of prosecution for the same offense when the indictment itself is too vague or indefinite for such purposes. United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993), cert. denied, 513 U.S. 831 (1994); United States v. Garrett, 849 F.2d 1141 (8th Cir. 1988); United States v. Maull, 806 F.2d 1340, 1345 (8th Cir. 1986), cert. denied, 480 U.S. 907 (1987). A motion for a bill of particulars may not be used to require the government to disclose evidentiary detail which the government intends to present at trial or its legal theories of the case. United States v. Matlock, 675

12

F.2d 981, 986 (8th Cir. 1982); <u>United States v. Burgin</u>, 621 F.2d 1352, 1359 (5th Cir.), <u>cert</u>. <u>denied</u>, 449 U.S. 1015 (1980); <u>United States v. Barket</u>, 380 F. Supp. 1018, 1020 (W.D. Mo. 1974).

In his motion, defendant states that he should have "ultimate facts regarding motive", "what his co-defendant might actually have been thinking and what facts might be used to prove that", "what actions [defendant] allegedly took to aid and abet his co-defendant in any allegedly criminal conduct", "additional facts, such as who was threatened, how the threat was communicated to the alleged victim, and whether defendant had the present means and opportunity to carry out any alleged threat."

The government responds that defendant has to date been provided with over 1,500 pages of discovery which includes police reports, laboratory reports, some witness statements, and recorded telephone conversations. "Moreover, defendant has already agreed to the scheduling order in which it was stipulated that defendant would be provided all additional witness statements 30 days before trial. At that point (30 days before trial), defendant will have <u>all</u> relevant discovery."

13

First, I find that the indictment is sufficient, and therefore, a bill of particulars is not justified. Second, I find that the defendant is requesting evidentiary detail and the theory of the government's prosecution, neither of which are proper grounds for granting a bill of particulars. United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982); United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir.), cert. denied, 449 U.S. 1015 (1980); United States v. Barket, 380 F. Supp. 1018, 1020 (W.D. Mo. 1974).  See also 1 C. Wright, Federal Practice and Procedure: Criminal 2d § 129, pp. 441-442 (1982); Notes of Advisory Committee on 1966 Amendment of Rule 7(f), citing United States v. Smith, 16 F.R.D. 372, 374-75 (W.D. Mo. 1954); King v. United States, 402 F.2d 289, 292 (10th Cir. 1968).

### *IV. CONCLUSION*

Because counts one through nine contain sufficient information to apprise defendant of the nature of the charges and to enable him to plead an acquittal or conviction in bar of future prosecutions, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order denying defendant's motion to dismiss counts one through nine of the indictment.  It is further

14

ORDERED that defendant's alternative motion for bill of particulars is denied.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of receipt of a copy of this report and recommendation to file and serve specific objections.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
May 1, 2006

15