IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-00344-01/02-CR-W-ODS |
| ) | |
| GARY EYE and ) | |
| STEVEN SANDSTROM, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION ADDRESSING DEFENDANTS' REQUEST TO INCLUDE "RESIDUAL DOUBT" AS A MITIGATING FACTOR

Prior to the penalty phase of this case, Defendants requested the Court instruct the jury that it could consider any residual or lingering doubt about guilt as a mitigating factor that could be weighed when determining the appropriate punishment. The Court was initially inclined to honor this request, but after further research and consideration the Court concluded residual doubt is not a valid mitigator. This Order and Opinion is intended to explain the Court's rationale.

Federal courts have not reached consistent conclusions on this issue, and even those arriving at the same result often do so by different means.[1] The Court does not

---

[1]The cases in which the instruction was approved include: United States v. Bodkins, 2005 WL 1118158 (W.D. Va. 2005) (unpublished opinion); United States v. Honken, 378 F. Supp. 2d 1041 (N.D. Iowa 2004); United States v. Foster, 2004 WL 868649 (D. Md. 2004) (unpublished order); United States v. Davis, 132 F. Supp. 2d 455 (E.D. La. 2001); see also United States v. Gonzalez, 2004 WL 1920492 (D. Conn. 2004) (unpublished opinion barring evidence because it would improperly undercut the jury's consideration of residual doubt). The cases in which the courts held the instruction is impermissible include: United States v. Caro, 483 F. Supp. 2d 513 (W.D. Va. 2007); United States v. Lecco, 2007 WL 4224724 (S.D. W.Va. 2007) (unpublished opinion referencing decision made during open court). Obviously, not all decisions on the matter have been reduced to writing, and this is not intended to be an exhaustive list.

intend to detail the full body of opinions and rationales employed; instead, it will set forth the analysis found to be compelling.

The Court concludes, and Defendants do not seriously dispute, that criminal defendants do not have a constitutional right to have the jury instructed that residual doubt about guilt is a mitigating factor. E.g., Oregon v. Guzek, 546 U.S. 517, 523-26 (2006). This does not mean a legislature – including Congress – cannot permit or prescribe such an instruction; it only means there is no constitutional imperative that it be done. The focus of discussion, then, is whether Congress has permitted or prescribed such an instruction. Defendants contend the Federal Death Penalty Act ("FDPA") grants the trial court discretion to instruct the jury about "[o]ther factors in the defendant's background, record or character or any other circumstance of the offense that mitigate against imposition of the death sentence," 18 U.S.C. § 3592(a)(8), and residual doubt qualifies as an "other circumstance of the offense." The Court disagrees, concluding Congress did not intend to include residual doubt within the matters encompassed by section 3592(a)(8).

Congress passed the FDPA in 1994. Twelve years previously, the Supreme Court held the jury must be allowed to consider mitigating evidence, which included evidence about the circumstances of the offense and the character of the offender. Eddings v. Oklahoma, 455 U.S. 104, 112-13 (1982). A series of cases built upon this premise, and by 1993 it was well-established that "the Eighth and Fourteenth Amendments require that the sentencer not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." Johnson v. Texas, 509 U.S. 350, 361 (1993) (listing cases) (internal quotations, emphasis, and ellipses omitted).

In the midst of these cases, the Supreme Court discussed whether penalty-phase instructions were constitutionally infirm for failing to afford the jury an opportunity to consider residual doubt. The Court started by observing that it "ha[d] never held that a capital defendant has a constitutional right to an instruction telling the jury to revisit the question of his identity as the murderer as a basis for mitigation." Franklin v. Lynaugh,

2

Case 4:05-cr-00344-ODS   Document 485   Filed 05/19/08   Page 2 of 4

487 U.S. 164, 172-73 (1988) (plurality opinion). The Court rejected the suggestion that its prior cases required such an opportunity, and instead described those opinions as simply observing that a state could allow for such an opportunity. Id. at 172. The Court explained that residual doubt does not qualify as an aspect of the defendant's character, the defendant's record, or a circumstance of the offense, so it was not a matter the Constitution mandated be considered by the jury. Id. at 174.

It is against this backdrop that the FDPA was passed. Congress was thus aware that (1) consideration of residual doubt was not constitutionally compelled and (2) it could authorize consideration of residual doubt if it desired to do so. Clearly, Congress did not desire to do so. The final, "catch-all" category is couched in the same terms used by the Supreme Court to define the constitutionally mandated mitigating factors. By including section 3592(a)(8), Congress indicated its desire to include everything the Constitution requires, but that section does not purport to extend the statute beyond those constitutional requirements. Congress was aware of its ability to include mitigating factors beyond those required by the Constitution, and exercised this authority by including the first seven statutory mitigating factors. See 18 U.S.C. § 3592(a)(1) - (7). These factors include considerations that would not be (or arguably would not be) mandated by the Constitution, such as whether another culpable person is not sentenced to death and whether the defendant's role is relatively minor in comparison to others'.

The Court is particularly unwilling to interpret the FDPA as including this non-mandatory factor in light of the unusual character of the concept of residual doubt. This mitigator asks the jury – which has already determined the defendant to be guilty beyond a reasonable doubt – to consider any remaining doubt about the defendant's guilt. This invites the jury to require a defendant's guilt be proven by more than a reasonable doubt in order for the death penalty to be imposed, but this transformation of the burden of proof is contrary to longstanding traditions and principles of our justice system. It may be, as Defendants suggest, that the argument is effective with juries when it is allowed. It is also, as stated, undoubtedly within the legislature's province to allow for arguments that effectively require the prosecution to satisfy a heightened

3

Case 4:05-cr-00344-ODS   Document 485   Filed 05/19/08   Page 3 of 4

burden of proof.  However, absent a clear directive to do so, courts should not allow for arguments that alter the customary and time-honored burdens imposed on litigants.

      The Court concludes the FDPA does not permit a jury to be instructed that it can consider residual doubt of guilt when determining an appropriate sentence.  The Court also concludes such an instruction is not constitutionally compelled.  For these reasons, the Court declines Defendants' requests to tell the jury that residual doubt is a mitigating factor to be considered when determining whether Defendants should be sentenced to death or life imprisonment.

IT IS SO ORDERED.

                                        /s/ <u>Ortrie D. Smith</u>
                                        ORTRIE D. SMITH, JUDGE
DATE: May 19, 2008                UNITED STATES DISTRICT COURT